J-S21002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOEL T. GROCE, | |
| Appellant | No. 1812 EDA 2013 |

Appeal from the Judgment of Sentence June 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005801-2012

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 01, 2015**

Joel T. Groce appeals from the judgment of sentence of one and one-half to three years imprisonment to be followed by three years of probation after the court found him guilty of robbery, theft, receiving stolen property, recklessly endangering another person ("REAP"), simple assault, and harassment.  After careful review, we affirm.

The trial court related the following facts.

> On January 11, 2012, at approximately 8:50 a.m., Crystal Corbin, the complaining witness, dropped her son off at his elementary school located at the intersection of Sharpnack Street and Chew Avenue.  As Ms. Corbin exited her vehicle, she observed an SUV driving towards her, driving the wrong way down a one-way street.  As the SUV approached, Ms. Corbin heard a male voice yelling something that she could not understand.  The driver of the SUV, identified as the defendant, stopped and exited the vehicle and punched Ms. Corbin in the face twice, striking her right eye with a closed fist.  After the defendant punched Ms. Corbin, the two continued "scuffling for

---

* Retired Senior Judge assigned to the Superior Court.

maybe 2 or 3 minutes." Ms. Corbin sustained a black eye and her shirt was torn. During the assault, Ms. Corbin screamed for help and nearby crossing guards "tried to intervene by talking to the defendant" and calling the police. At some point during the assault, Ms. Corbin lost track of her car keys. After a few minutes, the defendant stopped attacking Ms. Corbin and left the scene in his vehicle. The defendant circled the block twice before police responded.

Police Officer Toya Lee, responded to the call. After Officer Lee arrived, the defendant returned to the location of the assault. Officer Lee recovered Ms. Corbin's keys from inside the defendant's vehicle. The defendant told Officer Lee that Ms. Corbin had struck his vehicle earlier and fled the scene. The defendant explained that he took Ms. Corbin's keys to prevent her from leaving the area again. However, Officer Lee testified [that] she observed no damage to either Ms. Corbin's or the defendant's vehicles.

Trial Court Opinion, 9/19/14, at 1-2.

The court found Appellant guilty of the aforementioned crimes on April 24, 2013. On June 7, 2013, the court sentenced Appellant on the robbery charge only and did not impose any further sentence as to the remaining charges. Appellant timely appealed. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the court authored its Rule 1925(a) opinion. The matter is now ready for this Court's review. Appellant presents two issues for this Court's consideration.

1. Was not the evidence insufficient to convict appellant of robbery as a felony of the second degree, theft [by] unlawful taking and receiving stolen property where the Commonwealth failed to prove beyond a reasonable doubt that appellant committed any theft because appellant did not

take the complainant's car keys with the intent to permanently deprive the complainant of them, inasmuch as he waited for the police to arrive, approached the police, told police he had the keys and that he had taken possession of the keys so that the complainant would not leave the scene as she had done earlier, indicating an intent to restore the keys to the complainant?

2. Was not the evidence insufficient to convict appellant of recklessly endangering another person, where appellant's conduct of punching the complainant twice in the face did not actually place the complainant in danger of death or serious bodily injury?

Appellant's brief at 3.

Each of Appellant's issues implicates the sufficiency of the evidence. In performing such a review, we consider all of the evidence admitted, even improperly admitted evidence. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We view the evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id*. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the

combined circumstances[,]" a defendant is entitled to relief. *Id*. This Court does not "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id.*

Appellant's initial argument is that the Commonwealth failed to prove that he committed a theft of the victim's car keys. He submits that because he circled the block until police arrived and approached police after the incident, the Commonwealth cannot establish a "thieving state of mind." Appellant's brief at 10. According to Appellant, the facts of this matter demonstrate that he did not intend to permanently deprive the victim of her car keys or withhold them for an extended period. In Appellant's view, his actions are consistent with two different intentions and therefore his conviction is based on mere suspicion and conjecture.

The Commonwealth counters that Appellant is viewing the evidence in a light most favorable to him. It notes that the trial court, who was the fact-finder, expressly deemed his version of events "incredible" in its Rule 1925(a) opinion. The Commonwealth adds that Appellant did not turn over the victim's car keys when police arrived. Rather, the officer questioned him about the keys before he admitted to possessing them. Thus, the Commonwealth maintains that Appellant did not voluntarily hand over the keys. Since Appellant took the victim's keys after repeatedly punching her

in the face, the Commonwealth argues that it introduced sufficient evidence to establish robbery, theft, and receiving stolen property.

An individual is guilty of the robbery count alleged herein if, in the course of committing a theft, he inflicts bodily injury upon the victim. 18 Pa.C.S. § 3701(a)(v). A theft is committed when a person "unlawfully takes, or exercises unlawful control over movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). To "deprive" a person of property is defined in 18 Pa.C.S. § 3901 as follows:

> (1) To withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or

> (2) to dispose of the property so as to make it unlikely that the owner will recover it.

Lastly, the elements of receiving stolen property are that a person intentionally receives or retains movable property of another knowing that it has been stolen. 18 Pa.C.S. § 3925(a).

Instantly, viewing the facts in a light most favorable to the Commonwealth, Appellant did not call police, nor did he turn over the keys to police voluntarily. Rather, Appellant entered his own car and circled the block. When confronted by police regarding his actions, he admitted to having the keys. Police recovered the keys from his vehicle. His self-serving hearsay statement to the officer that he only intended to prevent the

victim from leaving was not believed by the trial court. Indeed, one could infer from the evidence that Appellant was simply waiting for the crossing-guard and other bystanders to leave before he again confronted the victim only to have police arrive. The court was free to conclude that Appellant's driving around the block was intended to menace the victim rather than wait for police. Accordingly, Appellant's sufficiency argument as to robbery, theft, and receiving stolen property fails.

Appellant's second claim is that the Commonwealth introduced insufficient evidence to prove that he recklessly placed the victim in danger of serious bodily injury. He contends that his striking of the victim in the face twice does not rise to creating "a known and foreseeable risk that the complainant would die or suffer permanent disfigurement." Appellant's brief at 14.

The Commonwealth responds that Appellant's actions of punching the victim in the face with a closed fist "very hard[,]" N.T., 4/24/13, at 13, put the victim at risk of serious bodily injury. In support, it points out that the head is considered a vital part of the body and a single punch can result in serious brain injury. The Commonwealth posits that "[t]he fact that the victim was fortunate enough to escape serious injury should not inure to [Appellant's] benefit." Commonwealth's brief at 10.

In the present case, Appellant twice violently struck the victim in the right eye with a closed fist. In addition, he grabbed the victim by the inside lapels of her jacket and ripped her shirt. A crossing guard was unable to pull Appellant away from the victim. The victim sustained a black eye and testified that she still suffers from the effects of being hit. Punching a person very hard in the eye on multiple occasions could cause orbital damage and a severe injury. That the victim did not suffer permanent disfigurement or serious bodily injury does not mean that Appellant's actions were not criminally reckless. The Crimes Code defines criminal recklessness as follows.

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3). The totality of Appellant's actions demonstrate conduct which may have placed the victim in danger of serious bodily injury. *See* 18 Pa.C.S. § 2705 (person must recklessly engage "in conduct which places or may place another person in danger of death or serious bodily injury.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/2015